FILED
FEB 04 2016

CLERK

UNITED STATES DISTRICT COURT
Western Division for the District of South Dakota

**JARRELL TAGGART,**

    Plaintiff,

v.

**AMERICAN FAMILY MUTUAL
INSURANCE COMPANY,**

    Defendant.

CIVIL ACTION NO. 16-5011

**COMPLAINT**

NOW COMES Plaintiff, by and through his attorney of record, and for his Complaint and cause of action against the above-named Defendant, does hereby state and allege as follows:

## PARTIES

1.    Plaintiff Jarrell Taggart is a resident of Rapid City, Meade County, South Dakota, and resides in South Dakota.

2.    The Defendant, American Family Mutual Insurance Company is a foreign corporation with its principal place of business located at 6000 American Parkway, Madison, Wisconsin 53783.

3.    The Defendant, American Family Mutual Insurance Company, is a foreign corporation licensed to do business in South Dakota at all pertinent times herein.

4.    The incident which is the subject matter of this Complaint occurred on South Dakota Highway 79, in Butte County, South Dakota, and the amount in controversy exceeds $75,000, exclusive of costs and interest. Jurisdiction is properly based upon diversity of citizenship pursuant to 28 U.S.C. §1332.

## FACTS

5. The Plaintiff is insured by the underlying policy of insurance with American Family Mutual Insurance Company through the auto he was driving at the time of the accident on June 21, 2014. This policy includes coverage for the occupants in the insured auto for damages caused by underinsured motorists and medical payments coverage.

6. Defendant insured an auto owned by Richard and Billie Jean Lund. The auto was being driven by Plaintiff with the permission of the owner. Billie Jean Lund was a passenger in the insured auto.

7. For several years policyholder dutifully paid premiums for insurance coverage for the full value of insured's losses including pain, suffering, loss of enjoyment of life, and the permanence of the injuries to insured and insured passengers in the vehicle.

8. On or about June 21, 2014, Plaintiff Jarrell Taggart was driving his friend's auto on South Dakota Highway 79, in Butte County, South Dakota.

9. Rowdy Mauch was driving his auto in the opposite direction on South Dakota Highway 79. Rowdy Mauch's auto crossed the centerline and came into Plaintiff Jarrell Taggart's lane of travel.

10. Rowdy Mauch's auto collided with the auto Plaintiff Jarrell Taggart was driving in Taggart's lane of travel and caused the auto Plaintiff Jarrell Taggart was driving to roll over off the highway.

11. Rowdy Mauch failed to keep his vehicle in his lane of travel and caused the collision.

12. Plaintiff sustained lacerations, head, back and neck injuries. Plaintiff has had continuous problems with his back since the June 21, 2014 accident and has continued to treat with medical providers for his injuries. Plaintiff sustained an aggravation of a pre-existing condition and new injuries as a result of the collision.

13. Rowdy Mauch carried only small policy limits on his vehicle, and the Plaintiff reached a settlement with Rowdy Mauch's insurance carrier in September of 2015.

14. Plaintiff's past and future medical expenses, out of pocket expenses, lost wages, and pain and suffering damages far exceeded Rowdy Mauch's policy limits.

15. Plaintiff has kept Defendant American Family Mutual Insurance Company aware of the negotiations with Rowdy Mauch's insurance carrier.

16. Plaintiff notified Defendant American Family Mutual Insurance Company that Rowdy Mauch's policy did not provide enough coverage for Plaintiff's claim. Plaintiff also informed Defendant that policyholder's underinsured coverage would need to be utilized to fully compensate the Plaintiff for his injuries.

17. Plaintiff made Defendant aware through multiple letters and conversations that he would need to claim benefits under policyholder's underinsurance coverage. Plaintiff also provided Defendant with evidence of medical records, a doctor's letter, past and future medical expenses, out of pocket expenses, lost wages, pain, suffering and permanence of this injury.

18. Plaintiff made an underinsured policy limits demand to Defendant American Family Mutual Insurance Company. In his demand and previous correspondence, Plaintiff clearly substantiated how his past and future medical expenses, out of pocket expenses, lost wage

3

damages, pain and suffering and loss of enjoyment of life, plainly exceeded policyholder's underinsured policy limits.

19. Defendant refused to supply good faith justification for its unreasonable assessment and offer to Plaintiff. Defendant did not have a reasonable basis to make a minimal settlement offer to Plaintiff.

20. On November 13, 2015, Plaintiff made an additional underinsured policy limits demand to Defendant American Family Mutual Insurance Company through the policy on the vehicle he had been driving. In his demand, Plaintiff substantiated how his past and future medical expenses, out of pocket expenses, lost wage damages, loss of enjoyment of life, and pain and suffering plainly exceeded policyholder's underinsured policy limits.

21. The Defendant has engaged in a deliberate pattern and practice of undervaluing Plaintiff's claim in order to decrease the amount of underinsured motorist claim expenses that it pays.

22. The Defendant did not treat the interests of the insured Plaintiff with equal consideration as it did its own interests.

23. Defendant did not promptly pay the claim.

24. Defendant has refused to settle in good faith the Plaintiff's claim for policyholder's underinsured policy limits in an effort to leverage a savings for the Defendant.

25. The Defendant has refused to settle the Plaintiff's claim for the underinsured policy limits forcing Plaintiff to sue American Family Mutual Insurance Company to protect his rights.

## COUNT ONE - BREACH OF CONTRACT

26. Plaintiff re-alleges all paragraphs above as though fully set forth herein at length.

27. Defendant failed in its duty to Plaintiff under the contract of insurance to fairly and adequately investigate the insured's claim and pay the full amount of the damages incurred.

28. Defendant failed to properly evaluate the claim or give appropriate consideration to Plaintiff's claims

29. Defendant has failed to offer a reasonable and good faith settlement.

30. As a result of all the Defendant's breaches, Plaintiff has been damaged for past and future medical expenses, out of pocket expenses, lost wages, loss of enjoyment of life, pain, suffering and permanence of injuries.

## COUNT TWO - BAD FAITH

31. Plaintiff re-alleges all paragraphs above as though fully set forth herein at length.

32. Defendant knows, or should know, that it has no reasonable basis upon which to deny Plaintiff's underinsured policy limits claim.

33. Defendant has tortiously failed to conduct a reasonable good faith investigation of the Plaintiff's claim, and has instead set about to investigate in a manner calculated only to provide Defendant with a basis to underpay Plaintiff's claim, and reduce Defendant's expenses.

34. Defendant has tortiously failed to give equal consideration to the interests of the Plaintiff, and has instead placed its own interests above those of the Plaintiff.

35. By its actions, Defendant has tortiously breached the duty of good faith and fair dealing, giving rise to a cause of action for bad faith.

## COUNT THREE - ATTORNEY'S FEES

36. Plaintiff re-alleges all paragraphs above as though fully set forth herein at length.

37. The denial of full payment of Plaintiff's underinsured claim was made vexatiously and without reasonable cause, entitling Plaintiff to an award of attorney's fees incurred in an effort to get Defendant to comply with the terms of the policy coverage, pursuant to S.D.C.L. §58-12-3.

38. The acts complained of here also constitute unfair trade practices in the business of insurance pursuant to S.D.C.L. §58-33-5 and S.D.C.L. §58-33-6, entitling Plaintiff to an award of attorney's fees pursuant to S.D.C.L. §58-33-46.1.

## COUNT FOUR - PUNITIVE DAMAGES

39. Plaintiff re-alleges all paragraphs above as though fully set forth herein at length.

40. Defendant's actions have been committed with malice and reckless disregard for the interests and rights of the Plaintiff, entitling Plaintiff to an award punitive damages.

## DAMAGES

41. As a proximate result of the actions alleged in all paragraphs above, Plaintiff has been damaged as follows:

(a) His past and future medical expenses, past and future lost wages, past and future physical and mental pain and suffering, loss of enjoyment of life, as well as having a permanent injury;

(b) He has incurred great delay, frustration, mental anguish, financial burdens and great inconvenience as a result of paying out of pocket expenses, past and future medical

expenses, and incurring lost wages; and

(c) He has had to expend additional time and effort and expenses to hire an attorney and initiate this otherwise needless litigation in order to get proper insurance payment for his claim.

**WHEREFORE**, Plaintiff requests that he be awarded judgment for his past and future medical expenses, out of pocket expenses, lost wages, physical and mental pain and suffering, loss of enjoyment of life, and permanent injury along with a reasonable amount to be established according to the proof at trial for general compensatory damages, punitive damages, attorneys fees, all costs, expenses and prejudgement interest. Plaintiff also requests that he be awarded judgment for such other and further relief as the Court deems just and equitable in the premises.

**PLAINTIFF REQUESTS TRIAL BY JURY**

Dated this 4th day of February, 2016.

JOHNSON EIESLAND LAW OFFICES, P.C.

By: _____
Gregory A. Eiesland
4020 Jackson Boulevard, Suite 1
Rapid City, SD 57702
(605)348-7300 (Phone)
(605)348-4757 (Fax)
geiesland@aol.com
Attorneys for Plaintiff

7