UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| JARRELL TAGGART,<br><br>    Plaintiff,<br><br>vs.<br><br>AMERICAN FAMILY MUTUAL INSURANCE COMPANY,<br><br>    Defendant. | CIV. 16-5011-JLV<br><br>ORDER |

### INTRODUCTION

Plaintiff Jarrell Taggart filed an action against the defendant American Family Mutual Insurance Company alleging breach of contract and bad faith in an underinsured motorist claim ("UIM").[1]  (Docket 1 at p. 5).  The complaint also seeks attorney's fees and punitive damages.  Id. at p. 6.  American Family moved to dismiss the punitive damage claim pursuant to Fed. R. Civ. P. 12(b)(6). (Docket 15).  Plaintiff resists the motion.  (Docket 22).  Defendant's motion was referred to United States Magistrate Judge Daneta Wollmann pursuant to 28 U.S.C. § 636(b)(1)(B) and the standing order of March 9, 2015.  Magistrate Judge Wollmann issued a report and recommendation ("R&R") concluding the court should deny defendant's partial motion to dismiss.  (Docket 36 at p. 11). American Family filed timely objections to Magistrate Judge Wollmann's recommendation.  (Docket 37).

The court reviews *de novo* those portions of the report and recommendation which are the subject of objections.  Thompson v. Nix,

---

[1] It is undisputed that a policy of insurance with American Family provided UIM coverage.  (Dockets 1 ¶ 5 and 6 ¶ 4).

897 F.2d 356, 357-58 (8th Cir. 1990); 28 U.S.C. § 636(b)(1). The court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The court completed a *de novo* review of those portions of the R&R to which objections were filed. The court finds the magistrate judge's report and recommendation is an appropriate application of the law to the issue presented by the parties. For the reasons stated below, the defendant's objections are overruled and the report and recommendation of the magistrate judge is adopted in full.

## DEFENDANT'S OBJECTIONS

Defendant's objections to the report and recommendation are summarized as follows:

1. Magistrate Judge Wollmann erred when she concluded that exhibits submitted by plaintiff in support of his opposition to defendant's motion were consistent with the factual allegations of the complaint and the magistrate judge erred in relying on those exhibits in denying defendant's motion to dismiss.

2. Magistrate Judge Wollmann erred when she concluded the complaint stated sufficient factual allegations, which if proven, would support a finding of malice.

(Docket 37 at p. 5).

## ANALYSIS

Mr. Taggart filed his complaint as a diversity action pursuant to 28 U.S.C. § 1332. (Docket 1 ¶ 4). Based on plaintiff's complaint and defendant's answer, the following material facts are admitted:

1. The incident which is the subject matter of this Complaint occurred on South Dakota Highway 79, in

2

      Butte County, South Dakota. (Dockets 1 ¶ 4 and 6 ¶ 5);

2. Defendant insured an auto owned by Richard and Billie Jean Lund. The auto was being driven by Plaintiff with the permission of the owner. Billie Jean Lund was a passenger in the insured auto. (Dockets 1 ¶ 6 and 6 ¶ 4);

3. On or about June 21, 2014, Plaintiff Jarrell Taggart was driving his friend's auto on South Dakota Highway 79, in Butte County, South Dakota. (Dockets 1 ¶ 8 and 6 ¶ 4);

4. Rowdy Mauch was driving his auto in the opposite direction on South Dakota Highway 79. . . . Mauch's auto crossed the centerline and came into Plaintiff Jarrell Taggart's lane of travel. (Dockets 1 ¶ 9 and 6 ¶ 4);

5. [As a result of the collision,] Plaintiff sustained lacerations, head, back and neck injuries. (Dockets 1 ¶ 12 and 6 ¶ 7);

6. Plaintiff reached a settlement with . . . Mauch's insurance carrier in September of 2015. (Dockets 1 ¶ 13 and 6 ¶ 8);

7. Plaintiff incurred past medical expenses and will incur future medical expenses, has incurred out of pocket expenses, lost wages, and pain and suffering. (Dockets 1 ¶ 14 and 6 ¶ 9);

8. Plaintiff, through his counsel, notified Defendant that he claims that . . . Mauch's policy did not provide enough coverage and informed Defendant that he claimed the policyholder's underinsured coverage would need to be utilized to fully compensate the Plaintiff for his injuries. (Dockets 1 ¶ 16 and 6 ¶ 10);

9. Plaintiff made Defendant aware through multiple letters and conversations that he would claim benefits under

> the policyholder's underinsured coverage. (Dockets 1 ¶ 17 and 6 ¶ 11);
>
> 10. Plaintiff made an underinsured policy limits demand to Defendant . . . . (Dockets 1 ¶ 18 and 6 ¶ 12); and
>
> 11. On November 13, 2015, Plaintiff made an additional underinsured policy limits demand to Defendant . . . . through the policy on the vehicle he had been driving. (Dockets 1 ¶ 20 and 6 ¶ 14).

The remainder of the factual paragraphs of the complaint will be addressed later in this order.

The complaint alleges four causes of action: count one-breach of contract; count two-bad faith; count three-attorney's fees; and count four-punitive damages. (Docket 1 at pp. 5-6). The complaint's prayer for relief seeks "general compensatory damages, punitive damages, attorney[']s fees, all costs, expenses and prejudgment interest." Id. at p. 7.

Defendant moves to dismiss plaintiff's punitive damages cause of action pursuant to Fed. R. Civ. P. 12(b)(6). (Docket 15). "The crux of American Family's argument [is] that Taggart's threadbare and conclusory allegation offered in support of his punitive damages claim was devoid of sufficient (really, any) facts to support Taggart's boilerplate claim that American Family's conduct towards him was oppressive or malicious." (Docket 37 at p. 2).

Rule 12(b)(6) permits dismissal of a claim if the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell

Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Two "working principles" underlie Rule 12(b)(6)'s analysis.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  First, courts are not required to accept as true legal conclusions "couched as . . . factual allegation[s]" in the complaint.  See id.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. (quoting Twombly, 550 U.S. at 555) (internal quotation marks omitted).  The court does, however, "take the plaintiff's factual allegations as true."  Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009).  Second, the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 556 U.S. at 678 (citation omitted).

> Iqbal expounded on the "plausibility standard articulated in Twombly:
>
> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " . . .
>
> Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions . . . . [O]nly a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of

> misconduct, the complaint has alleged-but it has not show[n]"-"that the pleader is entitled to relief."

Id. at 678-79 (citing Fed. R. Civ. P. 8; other internal citations omitted).  Under Rule 8(a)(2), a "pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The purpose of this Rule is to give a defendant fair notice of plaintiff's claims and the grounds upon which those claims rest.  Twombly, 550 U.S. at 555.  In addition to accepting as true all of the factual allegations of the complaint in a Rule 12(b)(6) motion analysis, the court must grant all reasonable inferences in favor of the plaintiff as the nonmoving party.  Crooks v. Lynch, 557 F.3d 846, 848 (8th Cir. 2009) (citing Stufflebeam v. Harris, 521 F.3d 884, 886 (8th Cir. 2008)).  The complaint is analyzed "as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible."  Braden, 588 F.3d at 594.

The court has jurisdiction pursuant to 28 U.S.C. § 1332 because the case is a diversity action.  (Docket 1 ¶¶ 1-4 and 6 ¶¶ 3-4).  In diversity actions, the court applies the substantive law of the forum state.  See Jordan v. NUCOR Corp., 295 F.3d 828, 834 (8th Cir. 2002).  "[F]ederal courts sitting in diversity cases, when deciding questions of 'substantive' law, are bound by state court decisions as well as state statutes."  Hanna v. Plumer, 380 U.S. 460, 465 (1965) (referencing Erie R. Co. v. Tompkins, 304 U.S. 64 (1938)).  See also In re Baycol Products Litigation, 616 F.3d 778, 785 (8th Cir. 2010) ("in a suit based on

6

diversity of citizenship jurisdiction the federal courts apply federal law as to matters of procedure but the substantive law of the relevant state.") (internal citations omitted).

In South Dakota, punitive damages are available "[i]n any action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud, or malice, actual or presumed."  SDCL § 21-3-2. "[M]alice sufficient to support [punitive] damages may be either actual, malice in fact, or presumed, legal malice.  Actual malice is a positive state of mind, evidenced by the positive desire and intention to injure another, actuated by hatred or ill-will towards that person. . . . Presumed, legal malice, on the other hand, is malice which the law infers from or imputes to certain acts."  Dahl v. Sittner, 474 N.W.2d 897, 900 (S.D. 1991) (internal citations omitted).  " 'A claim for presumed malice can be shown by demonstrating a disregard for the rights of others.' "  Selle v. Tozser, 786 N.W.2d 748, 758 (S.D. 2010) (citing Isaac v. State Farm Mut. Auto. Ins. Co., 522 N.W.2d 752, 761 (S.D.1994)).  "Although merely engaging in an 'injurious act is not sufficient to constitute presumed malice[,] . . . [a] claim for presumed malice can be shown by demonstrating a disregard for the rights of others.' "  Bertelsen v. Allstate Ins. Co., 833 N.W.2d 545, 555-56 (S.D. 2013) (citing Isaac, 522 N.W.2d at 761).  Presumed malice may be inferred when a defendant acts willfully or wantonly, causing injury to another. Bertelsen, 833 N.W.2d at 555 (citing Selle, 786 N.W.2d at 757).  A showing of either actual malice or presumed, legal malice is sufficient to support punitive

damages.  Id.  "An insurer's clear breach of contract or denial of a claim that is not fairly debatable may indicate malice."  Bertelsen v. Allstate Ins. Co., 796 N.W.2d 685, 699 (S.D. 2011) (citations omitted).

"There is no independent cause of action for punitive damages in South Dakota. . . . Punitive damages are not available unless a tort has been committed."  O'Neill v. O'Neill, 876 N.W.2d 486, 496 (S.D. 2016) (citing Berry v. Time Ins. Co., 798 F. Supp. 2d 1015, 1022 (D.S.D. 2011) (citing Schaffer v. Edward D. Jones & Co., 521 N.W.2d 921, 928 (S.D. 1994) (punitive damages are not an independent cause of action, but may be awarded in addition to compensatory damages) and Grynberg v. Citation Oil & Gas Corp., 573 N.W.2d 493, 501-02 (S.D. 1997) ("If each element is present, then punitive damages may be properly awarded for the tort.  If any of the elements are absent, then no tort has been committed, and the aggrieved party is left with only a breach of contract action, for which no punitive damages are available.").  Applying Schaffer, the court in Berry held "punitive damages must be based on an underlying claim and cannot stand alone. . . . [If a bad faith claim is properly pled] [t]he prayer for relief seeking punitive damages survives [a Rule 12(b)(6)] motion to dismiss."  Berry, 798 F. Supp. 2d at 1022.

With this legal background, each of defendant's objections will be separately addressed.

1. DID MAGISTRATE JUDGE WOLLMANN ERR WHEN SHE CONCLUDED THAT EXHIBITS SUBMITTED BY PLAINTIFF IN SUPPORT OF HIS OPPOSITION TO DEFENDANT'S MOTION WERE CONSISTENT WITH THE FACTUAL ALLEGATIONS OF THE COMPLAINT AND THE MAGISTRATE JUDGE RELIED ON THOSE EXHIBITS IN DENYING DEFENDANT'S MOTION TO DISMISS.

In the report and recommendation, Magistrate Judge Wollmann noted plaintiff "attached a number of documents setting forth the parties negotiations and correspondence which do not contradict the facts as outlined in the Complaint." (Docket 36 at p. 6). The remainder of the R&R identified the specific paragraphs and allegations of the complaint which "if proven, sufficiently allege malice and thus support a claim for punitive damages and survive the motion to dismiss." Id. at p. 10.

Defendant's objection to the R&R claims that "based on a somewhat unclear melding of these two sources of information, Magistrate Judge Wollmann concluded that Taggart had alleged sufficient facts that, if proven, could support a finding that Taggart's demand for the UIM limits of the Lund's policy was not fairly debatable, thus also supporting an inference that the denial was malicious." (Docket 37 at p. 4).

The factual allegations of the complaint identified by the magistrate judge as important to the Rule 12(b)(6) analysis[2] were:

---

[2]In resolving a Rule 12(b)(6) challenge, the magistrate judge was required to consider these factual allegations as true and grant all reasonable inferences in favor of the plaintiff as the nonmoving party. Braden, 588 F.3d at 594; Crooks, 557 F.3d at 848.

9

1. Plaintiff made Defendant aware through multiple letters and conversations that he would need to claim benefits under policyholder's underinsurance coverage. Plaintiff also provided Defendant with evidence of medical records, a doctor's letter, past and future medical expenses, out of pocket expenses, lost wages, pain, suffering and permanence of this injury. (Docket 1 ¶ 17);

2. Plaintiff made an underinsured policy limits demand to Defendant . . . . In his demand and previous correspondence, Plaintiff clearly substantiated how his past and future medical expenses, out of pocket expenses, lost wage damages, pain and suffering and loss of enjoyment of life, plainly exceeded policyholder's underinsured policy limits. Id. ¶ 18;

3. Defendant refused to supply good faith justification for its unreasonable assessment and offer to Plaintiff. Defendant did not have a reasonable basis to make a minimal settlement offer to Plaintiff. Id. ¶ 19; and

4. On November 13, 2015, Plaintiff made an additional underinsured policy limits demand to Defendant . . . through the policy on the vehicle he had been driving. In his demand, Plaintiff substantiated how his past and future medical expenses, out of pocket expenses, lost wage damages, loss of enjoyment of life, and pain and suffering plainly exceeded policyholder's underinsured policy limits. Id. ¶ 20.

(Docket 36 at p. 10). Based on these allegations in the complaint, Magistrate Judge Wollmann concluded "Taggart's demand and documents clearly substantiated how his damages exceeded American Family's policy limits." Id. (referencing Docket 1 ¶ 18). The magistrate judge concluded that "American Family refused to supply good faith justification for its unreasonable assessment and offer to Taggart [and] did not have a reasonable basis to make a minimal settlement offer to Taggart." Id. (referencing Docket 1, ¶19).

10

American Family objects to these conclusions arguing that "[t]he Complaint is devoid of any actual facts supporting these conclusory assertions. This, presumably, is why Magistrate Judge Wollmann relied upon the extra documents Taggart submitted to fill in these problematic factual gaps in Taggart's Complaint." (Docket 37 at p. 7). Defendant argues "the information contained in these extra documents . . . actually contradict Taggart's allegations in his Complaint . . . ." Id. at p. 9 (emphasis omitted). For this reason, American Family asserts "Magistrate Judge Wollmann's reliance on Taggart's extra documents to fill in the critical factual gaps in Taggart's Complaint was error under the circumstances." Id.

While Magistrate Judge Wollmann referenced plaintiff's submission of documents outside of the complaint in support of both his claims for bad faith and punitive damages, it is clear the magistrate judge was focused on the allegations of the complaint in resolving the Rule 12(b)(6) challenge. Magistrate Judge Wollmann did not commit error in this portion of her analysis of defendant's motion. Defendant's first objection to the report and recommendation is overruled.

>       2.   DID MAGISTRATE JUDGE WOLLMANN ERR WHEN SHE CONCLUDED THE COMPLAINT STATED SUFFICIENT FACTUAL ALLEGATIONS, WHICH IF PROVEN, WOULD SUPPORT A FINDING OF MALICE.

Magistrate Judge Wollmann properly focused the issue as "Taggart's claim for punitive damages survives if he sufficiently pleads presumed malice."

(Docket 36 at p. 9).   Based on the allegations in the complaint discussed above, Magistrate Judge Wollmann concluded "if proven, [these allegations] sufficiently allege malice and thus support a claim for punitive damages and survive the motion to dismiss."   Id. at p. 10.

Defendant objects to this conclusion claiming that "Magistrate Judge Wollmann . . . erred in her conclusion that the factual allegations in Taggart's Complaint are sufficient to support an inference of 'presumed malice' (which would be necessary to support a claim for punitive damages)."   (Docket 37 at p. 10).   Defendant argues "[t]he South Dakota Supreme Court has been clear: to show 'wanton or willful misconduct,' there must be facts that, to an objective observer, reflect that the insurer consciously and/or intentionally engaged in the misconduct."   Id. (citing Berry v. Risdall, 576 N.W.2d 1, 9 (S.D. 1998)).   "Given this standard," American Family argues "it is clear that, for purposes of asserting a viable punitive damages request, it is not enough to merely plead facts supporting an inference that the insurer denied a claim or that it was not fairly debatable.   Rather, the Complaint must include factual allegations supporting a finding that the insurer apprehended that the insured's claim was not fairly debatable and still consciously chose not to pay it."   Id. at pp. 10-11 (emphasis omitted) (references omitted).

Defendant's reliance on Berry is misplaced.   The trial court in Berry conducted the pretrial evidentiary hearing required to permit the issue of

12

punitive damages to go to the jury.[3]  Berry, 576 N.W.2d at 9.  The burden of proof required in that evidentiary hearing is entirely different from plaintiff's pleading requirements necessary to survive a Rule 12(b)(6) challenge.

American Family argues "Taggart has alleged no facts whatsoever here suggesting that American Family's adjuster apprehended that Taggart's claim for the policy limits was not fairly debatable and still consciously denied the claim.  In fact, the extra documents Taggart submitted to fill in the factual gaps in his Complaint actually contradict the notion that American Family's conduct was malicious in any way.  Accordingly, Taggart's request for punitive damages fails as a matter of law."  Id. at p. 11.

Defendant's second objection argument closes: "if faced with the same issue, the South Dakota Supreme Court would conclude that a request for punitive damages in a Complaint is only viable if supported by particularized factual allegations supporting an inference of malice."  (Docket 37 at p. 12) (referencing Plummer v. State Farm Fire and Cas. Co., CIV. No. 2:13-01579, 2014 WL 2960473, at *7 (W.D. Pa. June 27, 2014) ("the factual allegations in the complaint are insufficient to support a plausible bad faith claim"); Fuscellaro v. Combined Ins. Grp., Ltd., CIV. A. 11-723, 2011 WL 4549152, at *5 (D.N.J. Sept. 29, 2011) (same); Langermann v. Prop. & Cas. Ins. Co. of Hartford,

---

[3]"In any claim alleging punitive or exemplary damages, . . . before any such claim may be submitted to the finder of fact, the court shall find, after a hearing and based upon clear and convincing evidence, that there is a reasonable basis to believe that there has been willful, wanton or malicious conduct on the part of the party claimed against."  SDCL § 21-1-4.1.

13

14-CV-00982, 2014 WL 3696664, at *2 (D. Nev. July 23, 2014) (same); H.E. McGonigal Inc. v. Harleysville Lake States Ins. Co., No. 1:15-cv-00549, 2015 WL 6459129, at *3 (S.D. Ind. Oct. 26, 2015) (same); Mills v. Allstate Ins. Co., CIV. 15-4824, 2015 WL 5707303, at *3 (E.D. Pa. Sept. 29, 2015) (same)).

As indicated above, South Dakota does not recognize an "independent cause of action for punitive damages . . . . Punitive damages are not available unless a tort has been committed." O'Neill, 876 N.W.2d at 496.  The court finds Taggart's complaint contains sufficient factual allegations to support a bad faith claim and plaintiff is entitled to request punitive damages in his prayer for relief.  Contrary to its objections to the R&R, in briefing its motion to dismiss American Family acknowledged "Plaintiff's Complaint sets forth a straightforward factual background in support of its claims for breach of contract and bad faith."  (Docket 16 at p. 2).

Simply because plaintiff classified his request for punitive damages as a separate cause of action does not require the court at this juncture to resolve the ultimate merits of plaintiff's claim for punitive damages.  If a bad faith claim is properly pled and "[t]he prayer for relief seek[s] punitive damages[,]" the complaint will survive a Rule 12(b)(6) motion to dismiss.  Berry, 798 F. Supp. 2d at 1022.  See also Haney v. American Family Mutual Insurance Company, CIV. No. 16-4113, 2017 WL 476627, *6 (D.S.D. Feb. 2, 2017).

Magistrate Judge Wollmann did not commit error in this portion of her analysis of defendant's motion.   Defendant's second objection to the report and recommendation is overruled.

## ORDER

The court finds the magistrate judge's report and recommendation is an appropriate application of the law.   Based on the above analysis, it is

ORDERED that defendant's objections (Docket 37) to Magistrate Judge Wollmann's report and recommendation are overruled.

IT IS FURTHER ORDERED that Magistrate Judge Wollmann's report and recommendation (Docket 36) is adopted in full.

IT IS FURTHER ORDERED that defendant's motion to dismiss plaintiff's punitive damages claim (Docket 15) is denied.

Dated July 17, 2017.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE

15